**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ROBERT S. MORGAN, JR.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KANSAS CITY, KANSAS POLICE DEPARTMENT, et al.**<br><br>**Defendants.** | **)** | **Case No. 14-CV-02276-JAR-JPO** |

**MEMORANDUM AND ORDER**

Plaintiff Robert S. Morgan, Jr., proceeding *pro se* and *in forma pauperis*, brings this civil rights action against the Kansas City, Kansas Police Department, Officer Jessica Rodriguez, and Detective Mendez, alleging that Defendants concealed a crime to which he was the victim. This matter is before the Court on Defendants' Motion to Dismiss (Doc. 10) pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons explained in detail below, Defendants' motion is granted.

## I. Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendants' motions to dismiss as uncontested.

## II. Motion to Dismiss

The Court also finds that the Complaint must be dismissed on the merits. To state a claim upon which relief can be granted the complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[3] Under the "plausibility" standard that guides this court, a complaint must contain sufficient factual allegations to give fair notice to Defendants of the grounds of the claim against them.[4] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[5]

Plaintiff's Complaint must be dismissed as against Officer Rodriguez and Detective Mendez in their individual capacities because they are entitled to qualified immunity. Under the doctrine of qualified immunity, government officials who perform discretionary functions are shielded from individual liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."[6] The doctrine gives

---

[2]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]Fed. R. Civ. P. 8(a)(2).

[4]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[5]*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[6]*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

government officials immunity from lawsuits themselves rather than a mere defense to liability.[7] "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'"[8] Because qualified immunity is the "norm" in private actions against public officials, there is a presumption of immunity when the defense is raised.[9] When a defendant claims qualified immunity, the plaintiff bears the "heavy two-part burden" of showing (1) the defendant's violation of a constitutional right; and (2) that the "infringed right at issue was clearly established at the time of the allegedly unlawful activity such that a reasonable [official] would have known that his or her challenged conduct was illegal."[10] Accordingly, the qualified immunity defense must be resolved "at the earliest possible stage of litigation."[11] For the court to resolve the issue of qualified immunity at the earliest possible stage of litigation, the complaint must allege enough facts to make clear the grounds on which the claim rests.[12]

Here, Plaintiff's Complaint alleges that the police officers concealed a crime but includes no other factual allegations. The only other factual allegations come in the form of exhibits attached to the Complaint. These exhibits include a police report, health care statements, a form letter from the Kansas City, Kansas Police Department's Victim Services Unit describing resources for crime victims, and a complaint Plaintiff filed with the Kansas Disciplinary

---

[7]*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

[8]*Stanton v. Sims*, 134 S. Ct. 3, *5 (2013) (citations omitted).

[9]*Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013) (citation omitted).

[10]*Martinez v. Carr*, 479 F.3d 1292, 1294–95 (10th Cir. 2007) (citations omitted).

[11]*Robbins*, 519 F.3d at 1249 (10th Cir. 2008) (quoting *Harlow*, 457 at 818).

[12]*Id.* (citing *Twombly*, 550 U.S. at 556 n.3).

Administrator complaining about the conduct of the Wyandotte County Attorney. In the complaint he filed with the Disciplinary Administrator, Plaintiff states that he was the victim of a robbery, assault and battery on September 12, 2012. He states that he was stabbed twice, beaten with a golf club, and robbed of cash and groceries, as well as 96 grams of meteorite. Plaintiff complained that the crime was wrongfully prosecuted as a misdemeanor instead of a felony.

But even liberally construing Plaintiff's Complaint as including these factual allegations,[13] they do not set forth a plausible constitutional deprivation by Officer Rodriguez or Detective Mendez. First, none of this documentation refers to these officers and there are no facts in the Complaint alleging that they personally participated in the alleged deprivation. "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."[14] When a claim is asserted against multiple defendants, the plaintiff must "'make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her.'"[15] Moreover, the exhibits appear to contradict the claims in the Complaint because they suggest that Plaintiff's assailant was in fact prosecuted, albeit for a misdemeanor instead of a felony. The exhibits do not support Plaintiff's allegation that the officers undertook a coverup of a crime. The Court finds that Defendants are entitled to qualified immunity because Plaintiff has failed to allege the violation of a constitutional right.

The official capacity claim against the Kansas City, Kansas Police Department must also

---

[13]*See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

[14]*Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

[15]*Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008)).

be dismissed because it is not a legal entity capable of being sued. Under Kansas law, agencies of a city do not have the capacity to sue or be sued unless a statute or ordinance expressly gives such authority.[16] Accordingly, Plaintiff has failed to state a claim for which relief can be granted against the Kansas City, Kansas Police Department.

Finally, to the extent Plaintiff alleges state law claims, the Court finds those too must be dismissed. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[17] The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[18] "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[19] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[20] The Court does not find that this case is unusual and declines to exercise

---

[16] *Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985); *Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997); *Ward v. Lenexa , Kan. Police Dep't*, No. 12-2642-KHV, 2014 WL 1775612, at *4 (D. Kan. May 5, 2014) ("This Court has routinely dismissed actions against city police departments because they are not entities capable of being sued.") (internal citations omitted).

[17] 28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[18] *Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir.1995) (quoting *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

[19] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

[20] *Thatcher Enters.*, 902 F.2d at 1478.

supplemental jurisdiction over any remaining state law claims.

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[21] Leave need not be granted if amendment would be futile.[22] However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[23] As described above, to the extent Plaintiff's factual allegations discernable, they contradict the exhibits he attached to the Complaint. The Court finds that leave to amend in this case would be futile.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc.10) pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**.

**IT IS SO ORDERED.**

**Dated: October 6, 2014**

**S/ Julie A. Robinson**

**JULIE A. ROBINSON**

**UNITED STATES DISTRICT JUDGE**

---

[21]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[22]*See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[23]*Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).